No. 22-15288

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

PRESTON LEE,

Plaintiff-Appellant

v.

L3HARRIS TECHNOLOGIES, INC.

Defendant-Appellee

On Appeal from the United States District Court
District of Hawaii Civil No. 1:20-00489 (LEK/KJM)
(Honorable Leslie E. Kobayashi)

**DEFENDANT-APPELLEE L3HARRIS TECHNOLOGIES, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL;**

**DECLARATION OF MALLORY T. MARTIN;**

**EXHIBIT 1-2;**

**CERTIFICATE OF SERVICE; FORM 15**

**FILED UNDER SEAL**

CADES SCHUTTE LLP

AMANDA M. JONES 8854
MALLORY T. MARTIN 10211
1000 Bishop Street, 12th Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-9200
Email: ajones@cades.com
  mmartin@cades.com

Attorneys for Defendant-Appellee
L3HARRIS TECHNOLOGIES, INC.

## DEFENDANT-APPELLEE L3HARRIS TECHNOLOGIES, INC.'S
## MOTION TO FILE DOCUMENTS UNDER SEAL

In this appeal, Plaintiff-Appellant Preston Lee ("**Appellant**" or "**Lee**") challenges an order granting Defendant-Appellee L3Harris Technologies, Inc.'s ("**Appellee**" or "**L3Harris**") Motion for Summary Judgment on All Claims (the "**MSJ Order**") and the subsequent entry of Judgment in favor of L3Harris by United States District Court for the District of Hawaii in Civil No. 1:20-00489 (LEK/KJM) ("**District Court Action**"). *See* 4-ER-462-463 (Notice of Appeal).

Despite the fact that the District Court's ruling on L3Harris's summary judgment motion ("**MSJ**") is the sole issue on appeal, Lee omitted portions of the record below that were submitted in support of the MSJ in Lee's Excerpts of Record filed herein ("**ER**"). Specifically, the ER does not contain the following documents that were submitted under seal below because they contain various types of confidential information: (1) Exhibits D-K, T, U, X, Y, Z, and AA to the MSJ, (2) portions of the transcript of Lee's deposition (Exhibit B to the MSJ), (3) portions of Lee's interrogatory responses (Exhibit J to the MSJ), (4) portions of the MSJ quoting or referring to confidential information, and (5) portions of the Concise Statement of Material Facts in support of the MSJ quoting or referring to confidential information (collectively, the "**Confidential MSJ Documents**"). Rather than submit the Confidential MSJ Documents as part of the record on appeal, the ER contains: (1) flysheets indicating that Exhibits D-I, K, T, U, X, Y, Z, and AA to the

MSJ were submitted under seal (*see* 3-ER-356-361, 369, 387-388, 410-413), (2) redactions to the MSJ, Concise Statement of Material Facts, and Exhibit J to the MSJ (3-ER-362-368; 2-ER-161-191; 2-ER-212-218), and an incomplete copy of Exhibit B to the MSJ (2-ER-266-335).

The District Court granted L3Harris's request to submit the Confidential MSJ Documents under seal. *See* 3-ER-472-473; Exhibit 2 (Order Granting Defendant L3Harris Technologies, Inc.'s Ex Parte Motion to File Under Seal Portions of L3Harris Technologies, Inc.'s Motion for Summary Judgment on All Claims and Exhibits B, D-I, J, K, T, U, X, Y, Z, and AA to the Motion). Rule 27-13(a) of the Federal Rules of Appellate Procedure Ninth Circuit Rules ("**Ninth Circuit Rules**") provides that "[w]hen a document was sealed in the district court, the document will be filed provisionally under seal, and must be accompanied by a notice under subsection (d), a motion to seal under subsection (e), or a notice under subsection (f)." *See* Fed. R. App. P. 9th Cir. Rule 27-13(a). Lee did not submit a notice under Rule 27-13 subsection (d) or subsection (f) or a motion to seal under subsection (e) and instead simply omitted the documents that were filed under seal below from the ER.

In the MSJ Order, the District Court explicitly referenced exhibits to the MSJ that were filed under seal. *See* 1-ER-14, 1-ER-27, 1-ER-30, 1-ER-37 (MSJ Order at 12, 25, 28, 35). Thus, to ensure that this Court has all documents needed to review

the MSJ Order, L3Harris intends to include the Confidential MSJ Documents in its supplemental excerpts of record. Due to the confidential information contained therein, L3Harris moves this Court for an order allowing the Confidential MSJ Documents (submitted separately as Volume 2 of the Supplemental Excerpt of Record ("**SER**")) to be filed under seal.

As explained in further detail below, the Confidential MSJ Documents should be sealed because the documents contain confidential medical information and other personal and private information, decisions that incorporate information from medical records, and proprietary information. The Confidential MSJ Documents should be included in the record on appeal before this Court because they were submitted to the District Court in support of the MSJ and thus, are relevant to this court's review of the District Court's decision to grant the MSJ. L3Harris requests that the Court grant its request to submit Volume 2 of the SER under seal.

## I.   PERTINENT PROCEDURAL BACKROUND

On November 13, 2020, Lee filed the original complaint in this lawsuit. 1-SER-00013-31. On February 11, 2021, Lee filed his First Amended Complaint ("**FAC**"). 2-ER-243-265. The FAC contains five counts: (I) Disability Discrimination in violation of the Americans with Disabilities Act (the "**ADA**"); (II) Retaliation in violation of the ADA; (III) Disability Discrimination in violation of Haw. Rev. Stat. ("**HRS**") Section 378-2; (IV) Retaliation in violation of HRS § 378-

2(2); and (V) Violation of HRS 378 Part V (the Hawaiʻi Whistleblower Protection Act). *Id.*

On September 29, 2021, L3Harris filed its MSJ. 2-ER-157-461. On the same day, L3Harris filed its Motion to File Under Seal Portions of L3Harris Technologies, Inc.'s Motion for Summary Judgment on All Claims and Exhibits B, D-I, J, K, T, U, X, Y, Z, and AA to the Motion ("**Motion to File Under Seal**"). 3-ER-472. On October 1, 2021, the District Court entered its order granting the Motion to File Under Seal. *See* Exhibit 2.

On January 31, 2022, the District Court entered the MSJ Order. 1-ER-3-44. On the same day, the District Court entered its Judgment in a Civil Case. 1-ER-2.

On February 25, 2022, Lee filed a notice of appeal challenging the MSJ Order and entry of Judgment. *See* 3-ER-462-463. Lee submitted his ER on July 6, 2022. *See* Dkt. 11. The ER does not include the Confidential MSJ Documents. L3Harris moves to submit the Confidential MSJ Documents under seal. The following table provides the name of each document to be sealed, a description of the document, and the portions of the document that will be sealed.

| Document | Description | Portions to Be Sealed |
|---|---|---|
| Exs D-I | Records subpoenaed from the Department of Veterans Affairs, which contain Lee's medical records and decisions based upon and incorporating information from Lee's medical records | Entirety |

4

| Document | Description | Portions to Be Sealed |
|---|---|---|
| Ex. J | Excerpts from Lee's response to L3Harris' First Request for Interrogatories | Portions that reference Lee's medical and other personal protected information |
| Ex. K | Lee's medical information contained in a workers' compensation benefits claim | Entirety |
| Exs T, U | Lee's doctor's notes | Entirety |
| Ex. X, Y | L3Harris proprietary employment policies | Entirety |
| Ex. Z, AA | Independent Psychological Evaluation of Lee and supplemental opinion | Entirety |
| Ex. B | Lee's deposition transcript | Pages that reference or discuss Lee's confidential medical information or any documents containing such information |
| MSJ | L3Harris' Motion for Summary Judgment on All Claims and Memorandum in Support | Portions that reference or discuss Lee's confidential medical information or any documents containing such information |
| Concise Statement | Concise Statement of Material Facts | Portions that reference or discuss Lee's confidential medical information or any documents containing such information |

## II. LEGAL STANDARD

In the context of dispositive motions, sealing is appropriate if there are "compelling reasons" to keep the information confidential. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The court must

5

"conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Under Rule 27-13(e) of the Ninth Circuit Rules, a motion to submit a sealed document must explain the "specific reasons for this relief and describe the potential for irreparable injury in the absence of such relief." Fed. R. App. P. 9th Cir. 27-13.

## III. ARGUMENT

The following sections discuss why the Confidential MSJ Documents should be sealed and why they are relevant to the Court's determination of this appeal.

### A. Exhibits D-I: VA Records

Exhibits D-I submitted in support of the MSJ are records that were subpoenaed from the Department of Veterans Affairs ("**VA**") pertaining to Lee and contain protected health information. These documents include medical records submitted by Lee to the VA in support of his application for disability benefits, and the resulting decisions granting those benefits based on the protected health information that Lee submitted. Protecting medical privacy qualifies as a compelling reason for filing documents under seal. *See Domingo v. Brennan*, 690 F. App'x 928, 930–31 (9th Cir. 2017) (in federal employment action, holding that

"[t]he district court did not abuse its discretion in granting defendant's motion to file documents under seal because the documents contained sensitive medical information."); *G. v. Hawai'i*, No. CIV. 08-00551, 2010 WL 2607483, at *1 (D. Haw. June 25, 2010) (holding that "[t]he need to protect medical privacy qualifies as a 'compelling reason' and collecting cases"). Although Lee did not seek to file these records under seal, he also has not expressly stated that he has waived any privacy rights with respect to the contents of these records.

    Exhibits D-I were submitted to the District Court in support of the argument by L3Harris in its MSJ that Lee should be estopped from claiming that he is a "qualified individual" under the ADA and Chapter 378 of the HRS. L3Harris argued that Lee's claims failed because he should have been estopped from asserting that he was a "qualified individual" for purposes of his disability discrimination claim given his previous inconsistent statements in his successful disability benefits application that contradicted the notion that he was able to perform his essential job functions. *See* 2-ER-180-185; *see also* 2-SER00056-61. Although the District Court rejected this argument in MSJ Order, L3Harris submits that estoppel is an alternative basis upon which the Judgment could be affirmed. *See Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009) ("We may affirm on any grounds supported by the record."). Because Exhibits D-I were submitted to the District Court in connection with the MSJ and are relevant to the determination on whether

7

estoppel should apply, L3Harris intends to include these in the supplemental excerpts of record. Because they contain confidential medical information, L3Harris requests permission to file these records under seal.

### B.  Exhibits T and U: Lee's Doctor's Notes

Exhibits T and U to the MSJ are Lee's doctor's notes that contain Lee's personal medical information. Exhibits T and U were submitted under seal in the District Court Action because they show the length of time and periods that Lee claims that he was unable to work. Exhibits T and U were submitted to the District Court in support of the MSJ. *See* Exhibit 2; *see also* 2-SER0253-258. Accordingly, L3Harris intends to submit these documents in the supplemental excerpts of record and requests sealing to protect the confidential information contained therein.

### C.  Exhibits Z and AA: Lee's Independent Psychological Examination and Supplemental Opinion

Exhibits Z and AA to the MSJ contain medical information regarding Lee from an independent psychological evaluation performed by Dr. Peter Bianchi ("**IPE**"). In the District Court Action, L3Harris submitted Exhibits Z and AA under seal and the District Court referenced these sealed exhibits in the MSJ Order. 1-ER-014, 1-ER-030, 1-ER-037 (MSJ Order at 12, 28, 35).

L3Harris cited certain disturbing comments that Lee made during the IPE that Dr. Bianchi recounted in his February 4, 2020 report, which was attached as Exhibit Z to the MSJ (2-SER-00301-315), and Dr. Bianchi's opinion about the likelihood of

8

another episode if Lee returned to work contained in an April 7, 2020 report, which was attached as Exhibit AA (2-SER-00316-317). The District Court determined that L3Harris satisfied its "burden in providing legitimate, nondiscriminatory reasons for terminating Lee's employment," citing the statements by Dr. Bianchi, among other evidence. 1-ER-034-035 (MSJ Order at 32-33).

Although Lee's Opening Brief does not challenge the District Court's conclusion that L3Harris articulated legitimate, non-discriminatory reasons for the termination decision, Lee does argue that the District Court erred in concluding that Lee failed to establish those reasons were pretextual. See Opening Brief [Dkt. 12] at 21-29. This court needs to review the evidence submitted by L3Harris explaining its reasons for terminating Lee's employment in order to evaluate Lee's arguments about pretext. Accordingly, Exhibits Z and AA should be included in the record on appeal. Because they contain confidential information, L3Harris requests permission to submit those under seal.

### D. **Exhibits J: Interrogatory Responses**

In the District Court Action, L3Harris submitted under seal portions of Exhibit J to the MSJ, which were Lee's responses to certain interrogatory requests, that reference Lee's medical information and other personal and private information. Specifically, the portions of Exhibit J that were submitted under seal include medical and disability benefits information that are relevant to whether Lee should be

9

estopped from claiming that he is a "qualified individual" under the ADA and Chapter 378 of the HRS. *See supra* section III.A. As Exhibit J was submitted to the District Court in connection with the MSJ and is relevant to this court's evaluation of the issues on appeal, L3Harris seeks to include portions of Exhibit J in the supplemental excerpts of record and requests sealing to protect the confidential information contained therein.

E. **Exhibit K: Workers Compensation Claim**

In the District Court Action, L3Harris submitted Exhibit K to the MSJ under seal because it contains Lee's medical information in a workers' compensation benefits claim. *See* 2-SER000252. As pertinent to this appeal, Exhibit K is relevant to illustrating the timeline of Lee's work history and the reasons that Lee cited for leaving work and remaining out of work for several months. As Exhibit K was submitted to the District Court in connection with the MSJ and is relevant to the instant appeal, L3Harris intends to include these in the supplemental excerpts of record and requests sealing to protect the confidential information contained therein.

F. **Exhibits X and Y: Proprietary Employment Policies**

L3Harris moved to submit Exhibits X and Y to the MSJ, which are proprietary employment policies, under seal in the District Court Action because they contain confidential and proprietary information. Courts have held that "compelling reasons" exist when "'court files might . . . become a vehicle for improper purposes"

10

such as "releas[ing] trade secrets," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), or releasing "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598*; see also Williams v. U.S. Bank Nat'l Ass'n*, 290 F.R.D. 600, 604-05 (E.D. Cal. 2013) ("Sources of business information that might harm a litigant's competitive standing often warrant protection under seal.") (quotation marks and brackets omitted).

Exhibits X and Y were produced to Lee in discovery with a "Confidential" designation pursuant to the Stipulated Protective Order entered by the District Court on June 23, 2021 ("**Order**"). *See* Exhibit 1. Pursuant to the Order, any party or non-party could designate as "confidential" "any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Hawaiʻi or federal law. . ." Exhibit 1 (Order) at ¶1.

As pertinent to this appeal, Exhibits X and Y are relevant to this Court's review of the reasons cited by L3Harris for terminating Lee's employment and taking other employment actions. The documents are also relevant to this Court's review of the District Court's determinations that L3Harris had legitimate, non-discriminatory reasons for terminating Lee's employment and that Lee failed to establish those reasons were pretextual. 1-ER-032-40 (MSJ at 30-38). As Exhibits

11

X and Y were submitted in the District Court Action in connection with the MSJ, designated as confidential under the terms of the SPO, and relevant to issues on appeal, L3Harris intends to include these in the supplemental excerpts of record and requests sealing to protect the confidential information contained therein.

### G. Portions of Lee's Deposition Transcript, the MSJ, the Memorandum in Support of the MSJ, and the Concise Statement of Material Facts

L3Harris requests to submit excerpts from Lee's deposition transcript portions, the MSJ and the Concise Statement of Material Facts in support of the MSJ ("**CSOF**") under seal. These excerpts were submitted under seal in the District Court Action because they consist of unredacted portions of the MSJ and CSOF and portions of Lee's deposition transcript that quote or reference Lee's confidential information in the documents discussed above. The excerpts contain confidential information and are relevant to this Court's review of the issues on appeal:

- The excerpts reference medical records submitted to the VA in support of Lee's disability application and the resulting decisions based on that protected health information. *See* 2-SER00074-75 (CSOF at ¶¶ 5-12); 2-SER-00035-36, 58-60 (MSJ at 2-3, 17-19); 2-SER-00146-155, 2-SER-00162-165 (Exhibit B to MSJ). The excerpts are relevant to L3Harris's argument that Lee should be estopped from claiming that he is a "qualified individual" under the ADA and Chapter 378 of the HRS. *See supra* Section III.A.

- The excerpts also reference medical information related to Lee's workers' compensation claim. 2-SER00076 (CSOF at ¶ 23); 2-SER00045 (MSJ at 4); 2-SER-00123 (Exhibit B to MSJ at 77). The excerpts are necessary to the Court's determination of the instant

appeal because it is relevant to illustrating the timeline of Lee's work history and Lee's reasons for leaving work. *See supra* section III.E.

- The excerpts reference Dr. Bianchi's report about Lee's statements during the examination and his opinions regarding the likelihood of Lee's future disruptive conduct. 2-SER00077 (CSOF at ¶¶ 30, 33, 35); 2-SER00048-51, 2-SER-00066 (MSJ at 7-8, 9, 25); 2-SER-00140 (Exhibit B to MSJ). The excerpts are relevant to this court's review of the District Court's determination that L3Harris had legitimate, non-discriminatory and/or non-retaliatory reasons for discharging Lee. *See supra* Section III.C.

- The excerpts also reference Lee's doctor's notes that contain personal medical information, which is relevant to illustrate the length of time and periods that Lee claims he was unable to work. *See* 2-SER-0077 (CSOF at ¶ 31); 2-SER00120-121 (Exhibit B to MSJ at 70-71); *see supra* Section III.B.

As these excerpts of the MSJ, CSOF and Lee's deposition transcript were submitted under seal in the District Court Action and are relevant to the issues in this appeal, L3Harris intends to include these in the supplemental excerpts of record and requests sealing to protect the confidential information contained therein.

## IV. CONCLUSION

Based on the foregoing, L3Harris requests that the Court grant the Motion and enter an order permitting the Confidential MSJ Documents in Volume 2 of the SER to be filed under seal.

DATED: Honolulu, Hawaii, September 6, 2022.

CADES SCHUTTE LLP

/s/ *Mallory T. Martin*

13

AMANDA M. JONES
MALLORY T. MARTIN

Attorneys for Defendant-Appellee
L3HARRIS TECHNOLOGIES, INC.

## DECLARATION OF MALLORY T. MARTIN

I, MALLORY T. MARTIN, hereby declare as follows:

1. I am an attorney with Cades Schutte LLP, counsel for Defendant-Appellee L3HARRIS TECHNOLOGIES, INC. ("**L3Harris**") and I make this declaration based on personal knowledge unless otherwise indicated.

2. Attached hereto as Exhibit "1" is a true and correct copy of the Stipulated Protective Order entered in *Preston Lee v. L3Harris Technologies, Inc.,* under Civil No. 1:20-CV-00489 LEK-KJM ("**District Court Action**") on June 23, 2021.

3. Attached hereto as Exhibit "2" is a true and correct copy of the Order Granting Defendant L3Harris Technologies, Inc.'s Ex Parte Motion to File Under Seal Portions of L3Harris Technologies, Inc.'s Motion for Summary Judgment on All Claims and Exhibits B, D-I, J, K, T, U, X, Y, Z, and AA to the Motion entered in the District Court Action on October 1, 2021.

I declare, verify and certify, and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawai'i, September 6, 2022

/s/ *Mallory T. Martin*
**MALLORY T. MARTIN**

## **CERTIFICATE OF SERVICE**

As reflected in the attached Form 15: Certificate of Service for Electronic Filing, I HERBY CERTIFY that a copy of Defendant-Appellee L3HARRIS TECHNOLOGIES, INC.'s: (1) Motion to File Documents Under Seal, Declaration of Mallory T. Martin, Exhibits 1-2, Certificate of Service, and (2) Supplemental Excerpts Of Record Submitted Under Seal Volume 2 of 2 was served this day on the following via email:

JOSEPH T. ROSENBAUM    jtr@frlawhi.com
ELIZABETH JUBIN FUJIWARA    ejf@frlawhi.com

Attorneys for Plaintiff-Appellant
PRESTON LEE

DATED: Honolulu, Hawaii, September 6, 2022.

CADES SCHUTTE LLP

/s/ *Mallory T. Martin*
AMANDA M. JONES
MALLORY T. MARTIN

Attorneys for Defendant-Appellee
L3HARRIS TECHNOLOGIES, INC.