No. 22-15288

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

PRESTON LEE,

Plaintiff-Appellant

v.

L3HARRIS TECHNOLOGIES, INC.

Defendant-Appellee

On Appeal from the United States District Court
District of Hawaii Civil No. 1:20-00489 (LEK/KJM)
(Honorable Leslie E. Kobayashi)

**DEFENDANT-APPELLEE L3HARRIS TECHNOLOGIES, INC.'S MOTION TO FILE UNREDACTED ANSWERING BRIEF UNDER SEAL;**

**CERTIFICATE OF SERVICE; FORM 15**

**FILED UNDER SEAL**

CADES SCHUTTE LLP

AMANDA M. JONES         8854
MALLORY T. MARTIN     10211
1000 Bishop Street, 12th Floor
Honolulu, Hawaii 96813
Telephone:  (808) 521-9200
Email:  ajones@cades.com
            mmartin@cades.com

Attorneys for Defendant-Appellee
L3HARRIS TECHNOLOGIES, INC.

## DEFENDANT-APPELLEE L3HARRIS TECHNOLOGIES, INC.'S MOTION TO FILE UNREDACTED ANSWERING BRIEF UNDER SEAL

In this appeal, Plaintiff-Appellant Preston Lee ("**Appellant**" or "**Lee**") challenges an order granting Defendant-Appellee L3Harris Technologies, Inc.'s ("**Appellee**" or "**L3Harris**") Motion for Summary Judgment on All Claims (the "**MSJ Order**") and the subsequent entry of Judgment in favor of L3Harris by United States District Court for the District of Hawaii in Civil No. 1:20-00489 (LEK/KJM) ("**District Court Action**"). *See* 4-ER-462-463 (Notice of Appeal).

Despite the fact that the District Court's ruling on L3Harris's summary judgment motion ("**MSJ**") is the sole issue on appeal, Lee omitted portions of the record below that were submitted in support of the MSJ in Lee's Excerpts of Record filed herein ("**ER**"). Specifically, the ER does not contain the following documents that were submitted under seal below because they contain various types of confidential information: (1) Exhibits D-K, T, U, X, Y, Z, and AA to the MSJ, (2) portions of the transcript of Lee's deposition (Exhibit B to the MSJ), (3) portions of Lee's interrogatory responses (Exhibit J to the MSJ), (4) portions of the MSJ quoting or referring to confidential information, and (5) portions of the Concise Statement of Material Facts in support of the MSJ quoting or referring to confidential information (collectively, the "**Confidential MSJ Documents**").

To ensure that this Court has all documents needed to review the MSJ Order, L3Harris included the Confidential MSJ Documents in Volume 2 of the

Supplemental Excerpts of Record and asked the Court for an order allowing the Confidential MSJ Documents to be filed under seal. *See* Dkt. 23 (L3Harris's Motion to Submit Documents Under Seal filed on September 6, 2022).

As explained in L3Harris's Motion to Submit Documents Under Seal, the Confidential MSJ Documents should be sealed because the documents contain confidential medical information and other personal and private information, decisions that incorporate information from medical records, and proprietary information. As the Confidential MSJ Documents should be protected under seal, the portions of the Answering Brief that quote or reference the Confidential MSJ Documents should likewise be protected under seal. As such, L3Harris requests that the Court grant its request to submit the unredacted[1] Answering Brief under seal.

## I.     <u>PERTINENT PROCEDURAL BACKROUND</u>

On November 13, 2020, Lee filed the original complaint in this lawsuit. 1-SER-00013-31. On February 11, 2021, Lee filed his First Amended Complaint ("**FAC**"). 2-ER-243-265. The FAC contains five counts: (I) Disability Discrimination in violation of the Americans with Disabilities Act (the "**ADA**"); (II)

---

[1] Pursuant to Rule 27-13(e) of the Federal Rules of Appellate Procedure Ninth Circuit Rules, the portions of the Answering Brief that L3Harris is seeking to file under seal are highlighted in green. *See* Fed. R. App. P. 9th Cir. 27-13 ("Where redaction of a document is feasible, the moving party shall highlight in the unredacted document all portions of the document that party is seeking to file under seal.").

Retaliation in violation of the ADA; (III) Disability Discrimination in violation of Haw. Rev. Stat. ("**HRS**") Section 378-2; (IV) Retaliation in violation of HRS § 378-2(2); and (V) Violation of HRS 378 Part V (the Hawai'i Whistleblower Protection Act). *Id.*

On September 29, 2021, L3Harris filed its MSJ. 2-ER-157-461. On the same day, L3Harris filed its Motion to File Under Seal Portions of L3Harris Technologies, Inc.'s Motion for Summary Judgment on All Claims and Exhibits B, D-I, J, K, T, U, X, Y, Z, and AA to the Motion ("**Motion to File Under Seal**"). 3-ER-472. On October 1, 2021, the District Court entered its order granting the Motion to File Under Seal. *See* 3-ER-473-474.

On January 31, 2022, the District Court entered the MSJ Order. 1-ER-3- 44. On the same day, the District Court entered its Judgment in a Civil Case. 1-ER-2.

On February 25, 2022, Lee filed a notice of appeal challenging the MSJ Order and entry of Judgment. *See* 3-ER-462-463. Lee submitted its ER on July 6, 2022. *See* Dkt. 11. The ER does not include the Confidential MSJ Documents.

On September 6, 2022, L3Harris moved to submit the Confidential MSJ Documents under seal and filed the Confidential MSJ Documents as Volume 2 of the Supplemental Excerpts of Record. *See* Dkt. 23 (L3Harris's Motion to Submit Documents Under Seal filed on September 6, 2022). On the same day, L3Harris filed a redacted copy of its Answering Brief. The redacted portions of the Answering

3

Brief quote or reference Lee's confidential information from the Confidential MSJ Documents in Volume 2 of the Supplemental Excerpts of Record.

## II. LEGAL STANDARD

In the context of dispositive motions, sealing is appropriate if there are "compelling reasons" to keep the information confidential. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Under Rule 27-13(e) of the Federal Rules of Appellate Procedure Ninth Circuit Rules, a motion to submit a sealed document must explain the "specific reasons for this relief and describe the potential for irreparable injury in the absence of such relief." Fed. R. App. P. 9th Cir. 27-13.

## III. ARGUMENT

On September 6, 2022, L3Harris filed a redacted copy of its Answering Brief. Dkt. 21 (Redacted Answering Brief). The redacted portions of the Answering Brief quote or reference Lee's confidential information from the Confidential MSJ Documents in Volume 2 of the Supplemental Excerpts of Record.

4

For example, L3Harris redacted portions of the Answering Brief that quote or reference Exhibits D-I of the MSJ. *See* Dkt. 21 (Answering Brief) at 14-16, 31. Exhibits D-I of the MSJ consist of records that were subpoenaed from the Department of Veterans Affairs ("**VA**") pertaining to Lee and contain protected health information. As outlined in L3Harris's Motion to Submit Documents Under Seal, protecting medical privacy qualifies as a compelling reason for filing documents under seal. *See Domingo v. Brennan*, 690 F. App'x 928, 930–31 (9th Cir. 2017) (in federal employment action, holding that "[t]he district court did not abuse its discretion in granting defendant's motion to file documents under seal because the documents contained sensitive medical information.").

Exhibits D-I were submitted to the District Court in support of the argument by L3Harris in its MSJ that Lee should be estopped from claiming that he is a "qualified individual" under the ADA and Chapter 378 of the HRS. Although the District Court rejected this argument in MSJ Order, L3Harris submits that estoppel is an alternative basis upon which the Judgment could be affirmed. *See Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009) ("We may affirm on any grounds supported by the record."). As Exhibits D-I were submitted to the District Court in connection with the MSJ and are relevant to the determination on whether estoppel should apply, L3Harris included Exhibits D-I in Volume 2 of the Supplemental Excerpts of Record and requested that the documents be filed under seal. As

Exhibits D-I contain confidential information, L3Harris redacted the portions of the Answering Brief that quotes or references Exhibits D-I. To ensure that the Court is able to review the confidential information quoted or referenced in the Answering Brief, L3Harris seeks to file the unredacted copy of the Answering Brief under seal.

In addition to Exhibits D-I, L3Harris moved to submit: (1) Exhibits K, T, U, X, Y, Z, AA of the MSJ, (2) portion of Exhibit B to the MSJ and (3) portions of Exhibit J to the MSJ under seal. *See* Dkt. 23 (L3Harris's Motion to Submit Documents Under Seal filed on September 6, 2022). As explained in further detail in L3Harris's Motion to Submit Documents Under Seal, Exhibits B, J, K, T, U, X, Y, Z, AA of the MSJ are relevant to this Court's determination of the issues on appeal and contain confidential medical information and other personal and private information, decisions that incorporate information from medical records, and proprietary information. *Id.* As reflected in the following table, L3Harris redacted the portions of the Answering Brief that quotes or references the confidential information in Exhibits B, J, K, T, U, X, Y, Z, AA of the MSJ:

| Document | Description | Answering Brief |
|---|---|---|
| Ex. B | Lee's deposition transcript | 6, 9-10, 15 |
| Ex. J | Excerpts from Lee's response to L3Harris' First Request for Interrogatories | 14 |
| Ex. K | Lee's medical information contained in a workers' compensation benefits claim | 6 |

| Document | Description | Answering Brief |
|---|---|---|
| Exs T, U | Lee's doctor's notes | 6 |
| Ex. X, Y | L3Harris proprietary employment policies | 2, 25 |
| Ex. Z, AA | Independent Psychological Evaluation of Lee and supplemental opinion | 9-10, 26, 33 |

To ensure that the Court is able to review the confidential information quoted or referenced in the Answering Brief, L3Harris seeks to file the unredacted copy of the Answering Brief under seal.

## IV. <u>CONCLUSION</u>

Based on the foregoing, L3Harris requests that the Court grant the Motion and enter an order permitting L3Harris's unredacted Answering Brief to be filed under seal.

DATED: Honolulu, Hawaii, September 6, 2022.

    CADES SCHUTTE LLP

    /s/ *Mallory T. Martin*
    AMANDA M. JONES
    MALLORY T. MARTIN

    Attorneys for Defendant-Appellee
    L3HARRIS TECHNOLOGIES, INC.